Daniel, Judge.
 

 Where directions for the sale of real estate, are made by the English Court of Chancery, the decree usually runs in the followingiorm': “ It is ordered that the said estate, or a sufficient part thereof
 
 be
 
 sold with the approbation of the master, to the best purchaser or purchasers that can be got for the same,- tp be-allowed of by the master, wherein all proper parties are to join, as the said master shall direct. And in order to such sale, the parties are to produce before the said master, upon oath,
 
 *76
 
 all deeds and writings in their custody or power, relating to the said estates.” Seaton’s Forms,. 25. If the defendants or any °f them are infants, and not acting as trustees, the decree runs thus: “ And the defendants are to join in the conveyance of the said estate to any purchaser or purchasers thereof, when they shall attain their respective ages of twenty-one years, unless they, being served with a subpoena to show cause against the same, shall within six months after he shall attain his age of twenty-one years, show unto the Court good cause to the contrary. And in the mean time it is further ordered, that any purchaser of the said estate, or any part thereof, do hold and enjoy the same against the said defendants, till they shall respectively come of age.” Seaton, 271. If any loose practice in this state has been indulged in, of permitting the clerk and master to execute deeds of conveyance to purchasers of estates, when ordered to be sold by the Court of Equity, in any other cases than those expressly directed by the legislature, we must say, such practice is not warranted by law. The legal title which the purchaser wishes to obtain, is not, by such a conveyance, divested from the former owner. By the act of 1818,
 
 (Rev. Ch.
 
 982,) it is enacted, that whenever any joint tenants or tenants in common, or the guardians of such, shall on oath or affirmation, and by petition or bill, state to a Court of Equity, that the lands thus held are required for public purposes, it shall be lawful for the said Court to order a sale of all such parts of the land as it may judge necessary. The second section authorises the clerk and master to make conveyances to purchasers in all cases accruing under this act, or which have arisen or shall arise under the act passed in the year 1812,
 
 (Rev. ch.
 
 847,) entitled an act relative to the power of Courts of Equity in cases of partition. These are a set of particular and enumerated cases, where the legislature has altered the law and course of the Court of Equity in making conveyances of title to purchasers of lands ordered to be sold by that Court. The case before us is not within that class of cases, and therefore must be governed by the common law of the Court. The petition must be dismissed.
 

 June, 1835.
 

 Per Curiam. Petition dismissed.